

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 25  P 1: 41

U.S. DISTRICT COURT
HARTFORD, CT

SAB TECHNOLOGY, LLC,

    Plaintiff,

v.      CASE NO. 3:01CV84(AWT)

PORT INCORPORATED,

    Defendant.

RULING AND ORDER ON DEFENDANT'S APPLICATION
FOR ATTORNEYS' FEES AND COSTS

This is a patent infringement action. The court granted the defendant's two discovery motions and denied without prejudice the plaintiff's motion to compel. (Doc. #45.) Pursuant to Fed. R. Civ. P. 37,[1] the court awarded the defendant its reasonable expenses incurred in making the two motions and in opposing the plaintiff's motion. The plaintiff moved for reconsideration of the court's ruling (doc. #46) which the court denied. Pending before the court is the defendant's application for attorneys' fees and costs in the amount of $28,077.85.[2] (Doc. ##48, 104.)

---

[1] Under Rule 37, a party may recover "the reasonable expenses . . . including attorney's fees," incurred in making a successful motion to compel, see Rule 37(a)(4)(A) and in opposing a motion that was denied, see Rule 37(a)(4)(B).

[2] The plaintiff in its opposition argues, inter alia, that the court should not have awarded expenses. The plaintiff's argument is misplaced. As the defendant correctly observes, the issue before the court is the quantification of expenses already awarded to the defendant by the court.

I.  Legal Standard

To determine how much of a requested fee award is reasonable under Rule 37, "courts traditionally employ the 'lodestar' method of calculation, by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate . . . ." GTFM, Inc. v. Solid Clothing, Inc., No. 01 CIV. 2629(DLC), 2002 WL 31886349, at *2 (S.D.N.Y. Dec. 26, 2002)(citing cases). In determining the number of hours that will be used to calculate a fee award, a district court may only include those hours reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the total hours used to calculate the final award. Id. "[It is] within the purview of the court's discretion to determine whether or not the actual time expended by an additional attorney was reasonable." Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997). See id. at 116 ("[D]istrict court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours."); Auscape Intern. v. National Geographic Society, No. 02 CIV. 6441 (LAK)(HBP) 2003 WL 21976400, at *4 (S.D.N.Y. Aug. 19, 2003) (reducing fee sought by twenty percent to compensate for inefficiencies due to over-staffing and excessive time expenditures). The party seeking fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable. Cruz v. Local Union

No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994)(citing Hensley, 461 U.S. at 437). "The hours actually expended and the rates actually charged are, of course, not dispositive. . . . An award of fees must be limited to the number of hours reasonably expended and limited to reasonable hourly rates." Auscape Intern., 2003 WL 21976400, at *2 (citation omitted).

II. Discussion

Attorneys Charles Speranza and William Kelleher of the law firm of Wiggin & Dana LLP in Stamford, Connecticut represented the defendant in the motion practice relevant to this application.[3] Based on the submissions of counsel, the court finds, and the plaintiff does not argue otherwise, that Attorney Speranza and Attorney Kelleher's hourly rates of $350 and $240 respectively are reasonable.

The plaintiff contends, however, that the number of hours expended by the defendant's counsel should be reduced. The plaintiff first argues that the defendant's counsel's billing entries are too vague and general to permit a determination of whether the charges are reasonable. (Pl's Opp'n at 7.) Counsel "is not required to record in great detail how each minute of his

---

[3] Attorney Jody DeStefanis was also involved although minimally. The billing entries reflect that Attorney DeStefanis reviewed of the defendant's first motion to compel for which she billed 1.8 hours.

3

time was expended." Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983). However, the "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required . . . ." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987). The court finds that the descriptions of billable services performed by defendant's counsel provide a sufficient basis for determining the nature of the work performed. Accordingly, the court will not reduce the hours requested on this basis.

The plaintiff also contends that the time spent by the defendant's attorneys was in excess of that necessary to complete the relevant work. (Pl's Opp'n at 7.) The court notes that the defendant's counsel represented its client with exceptionally high quality legal memoranda and oral argument. The excellent research and the lucidity of their arguments were of significant assistance to the court. That being said, the court is persuaded that to a certain extent the plaintiff's argument is correct. Having carefully reviewed the time records submitted in support of the fee request as well as the underlying motions and memoranda, the court finds that Attorney Kelleher reasonably expended 55 hours and Attorney Speranza reasonably expended 24 hours.[4] Accordingly, the

---

[4] The court excludes the time billed by Attorney DeStefanis as the court is not persuaded that her involvement was necessary. See Mendoza v. City of Rome, 162 F.R.D. 260, 264 (N.D.N.Y. 1995)

defendant's attorneys' fee award is $21,600 (24 hours @ $350/hour for Attorney Speranza and 55 hours @ $240/hour for Attorney Kelleher).

The plaintiff also challenges defendant's application for computerized legal research fees. Costs incurred for LEXIS and Westlaw computer research are not recoverable. See Accel Int'l Corp. et al. v. Renwick, No. 3:03CV983(RNC) at 6 (D. Conn. Mar. 8, 2004)(holding that computerized legal research is not recoverable); J.P. Sedlak Associates v. Connecticut Life & Cas. Ins. Co., No. 3:98CV145(DFM), 2000 WL 852331, at *8 (D.Conn. Mar. 31, 2000) (same). The defendant's remaining costs of $176.66 are reasonable.

III. Conclusion

For the foregoing reasons, the defendant's application for an award of fees and costs (doc. ##48, 104) is GRANTED in part and DENIED in part. The defendant is awarded attorneys' fees of $21,600.00 and costs of $176.66 for a total amount of $21,776.66.[5]

SO ORDERED at Hartford, Connecticut this 25 day of March, 2004.

Donna F. Martinez
United States Magistrate Judge

---

(adjusting hours expended where counsel's involvement was redundant).

[5] This is a nondispositive discovery motion and as such, reviewable by the district court under the clearly erroneous or contrary to law standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).