UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAB TECHNOLOGY, LLC, Plaintiff,<br><br>v.<br><br>PORT INCORPORATED,<br>Defendant.<br><br>PORT INCORPORATED,<br>    Counterclaim<br>    Plaintiff,<br><br>v.<br><br>SAB TECHNOLOGY, LLC and<br>HAROLD FISHEL,<br>    Counterclaim<br>    Defendant. | Civ. No. 3:01cv00084 (AWT) |

## MOTION FOR AMENDED JUDGMENT OR, IN THE ALTERNATIVE, A RULE 54 CERTIFICATION

Plaintiff and Counterclaim Defendant SAB Technology hereby moves this Court for relief in the form of an Amended Judgment in this case, or in the alternative, for a Rule 54 Certification in view of the Partial Judgment of non-infringement issued in favor of Defendant Port Incorporated on July 13, 2006.

As further discussed herein, the Court should dismiss, without prejudice, the remaining counterclaim for invalidity and the "counterclaim" for attorney fees and costs as moot and untimely, respectively, and allow this case to proceed to the Court of Appeals for the Federal Circuit for review of the claim construction issue which is the basis for the ruling of non-

infringement. The counterclaim for invalidity is moot in view of the ruling of non-infringement, and sending this case to the Court of Appeals will make a trial on this moot claim unnecessary.

## I. PROCEDURAL POSTURE OF CASE

On January 17, 2001, Plaintiff SAB filed suit in the District Court against Defendant, Port Incorporated ("Port"), a manufacturer of certain computer carrying cases, alleging that Port infringed certain claims of SAB's U.S. Patent No. 5,909,806 (the '806 patent"). Port counterclaimed for a declaratory judgment of invalidity and non-infringement and submitted a "counterclaim" for costs and attorneys fees.

In July 2002, Port moved for summary judgment on both invalidity and non-infringement grounds. On July 12, 2006 this Court issued a *Ruling on Motion for Summary Judgment*, a copy of which is attached as Exhibit 1, wherein it construed the term "stiff plastic member." Based on its construction, the Court granted Port's motion for summary judgment of non-infringement, concluding that SAB had not shown that the accused products included the stiff plastic member as construed. *See Ruling* p. *21*. The Court did not opine on Port's two other counterclaims other than to state that they remain in the case. *Id.*, p. *21*. On July 13, 2006, the Court entered partial judgment. *See* Exhibit 2, Docket Sheet.

Thereafter, SAB filed a timely notice of appeal to the United States Court of Appeals for the Federal Circuit based on the Court's claim construction. Subsequently, Plaintiff's attorney for the appeal, Scott Kaliko, received a call from SAB's counsel William Speranza, who indicated that that SAB's position was the case is not ripe for appeal, and that Port intends to pursue its remaining counterclaims and oppose the pending appeal as premature, relying on, *inter alia*, the recent ruling in *Pause Technology v. Tivo Inc* 401 F.3d 1290, 74 U.S.P.Q.2d

2

*1058 (CAFC 2006)*.  Counsel for SAB disagrees with Port for at least the reasons set forth below.  Plaintiff contacted Mr. Speranza on September 29, 2006, explained its position, and asked that Port join in this motion for certification.  Defendant Port refused.

Accordingly, rather than engage in unnecessary motion practice at the Court of Appeals, SAB hereby moves this Court for either: (1) an amended judgment explicitly dismissing Port's invalidity counterclaim as moot, and what is effectively a prayer for fees as untimely, or (2) in the alternative, a Rule 54(b) certification.  SAB concurrently files a motion for an extension of time with respect to briefing schedule in the Court of Appeals to allow this Court rule on this motion.

## II. RELIEF SOUGHT

### A. This Court Should Exercise Its Discretion And Enter An Amended Final Judgment Dismissing Port's Invalidity Counterclaim As Moot.

SAB respectfully requests that this Court exercise its discretion and dismiss as moot Port's counterclaim for invalidity of the '806 patent based upon the Court's prior granting of summary judgment of non-infringement in favor of Port. Given the procedural posture of this case, SAB would be amenable to having the dismissal be without prejudice so that in the event the Court of Appeals reverses the judgment of non-infringement, Port could reinstate its counterclaim.

It is well-established that a District Court "has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *see also Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003). The Court of Appeals has cited with approval an opinion of the Court of Claims holding that where "noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue." *Id.* (quoting *Leesona Corp. v.*

3

*United States,* 530 F.2d 896 n.9 (Ct. Cl. 1976)). Indeed, in *Nystrom*, the Court addressed a jurisdictional issue substantially similar to that raised by the facts of the present case and held that a "final" judgment could have been obtained if the district court had "dismissed the [invalidity] counterclaim without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement." 339 F.3d at 1351 (parenthetical in original).

Under the *Nystrom* line of decisions, dismissal of Port's counterclaim of invalidity, without prejudice, is appropriate where the Court has already entered summary judgment of non-infringement and clearly expressed its view that invalidity is not plainly evident by declining to grant summary judgment on this claim as well. Accordingly, SAB respectfully requests that this Court exercise its discretion and dismiss Port's invalidity counterclaim as moot, so that SAB may continue its appeal.

Furthermore, any reliance by Defendant on the *Pause Technology* line of cases in support of its position to oppose is misplaced. In that case, the District court, citing *Nystrom*, dismissed the invalidity counterclaim as moot in view of the non-infringement ruling and entered an Amended Final Judgment which allowed the appeal to proceed. See *Amended Final Judgment, Pause Technology LLC, v. Tivo Inc.*, 01-11657, attached hereto as Exhibit 3.

### B. Conservation of Judicial Resources Favors Granting the Relief Sought.

SAB respectfully submits that judicial economy favors allowing this case to proceed to the Court of Appeals. The issue of claim interpretation is a central factor in determining the outcome of this case. By allowing this issue to now proceed before the Federal Circuit, it provides the opportunity for the ruling of this Court to be upheld, thereby rendering any further proceeding on invalidity moot and unnecessary, without any further imposition on this Court or

waste of resources.

However, if a further proceedings on invalidity are allowed, judicial resources will need to be expended on these proceedings in the near future. Any outcome of this case will not be final, and an appeal is virtually certain shortly afterwards. This may result in two trials at the District court level, one of which can be avoided. Thus, judicial resources will be conserved if the proposed relief is granted and the pending appeal is allowed to proceed on the claim construction issue.

### C. Should The Court Choose Not To Enter An Amended Final Judgment, Then SAB Requests, In the Alternative, Issuance of a Rule 54(b) Certification.

In the event this Court decides not to issue an amended judgment disposing of all the claims of all the parties and, the previous *Partial Judgment* does not qualify as a final judgment from which an appeal may be taken, and thus SAB respectfully requests that the Court issue a Rule 54(b) certification to allow its appeal to proceed. See *Partial Judgment*, attached hereto as Exhibit 6.

Rule 54(b) gives the Court discretion to "direct the entry of a final judgment as to one or more but fewer than all of the claims ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); *see also Pharmacia, Inc. v. Frigitronics, Inc.*, 1990 U.S. Dist. LEXIS 19439, *4-5 (D. Mass. March 26, 1990).

Rule 54 certification involves a two-step process. *Pharmacia, Inc.*, 1990 U.S. Dist. LEXIS 19439, at *4-5; *see also* Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2655, at p. 39. First, the Court must make "an express determination that there is no just reason for delay," which indicates that the Court is satisfied that it has reached a final decision as to certain of the claims or parties. *See Clausen v. SEA-3, Inc.*, 21 F.3d 1181, 1186 (1st Cir. 1994). Second, the

Court must make "an express direction for the entry of judgment." *Id.* In making this determination, the Court "must consider whether the entire case as a whole and the particular disposition that has been made and for which the entry of a judgment is sought fall within the scope of the rule." Wright, Miller, & Kane, *Federal Practice and Procedure,* §2655, at p. 39; *see also Cold Metal Process Co. v. United Eng'g & Foundry Co.,* 351 U.S. 445, 452 (1956).

In the present case, a Rule 54(b) certification by this Court is appropriate because there were multiple claims for relief. Port's "claim for relief" based on invalidity was not resolved, and there is no just reason for delaying appeal of the claims finally adjudicated as not infringed by the Court. The counterclaim for invalidity has been rendered moot and thus all claims have been disposed of. *Pharmacia, Inc.,* 1990 U.S. Dist. LEXIS 19439, at *5-9. Indeed, even a summary judgment that completely disposes of some, but not all, claims presented to the Court "will be final and appealable if a Rule 54(b) certificate is made." Wright, Miller, & Kane, *Federal Practice and Procedure,* §2656, at p. 48-60.

SAB respectfully submits that there is no just reason for delaying the resolution of the claim interpretation and infringement decisions underlying the grant of summary judgment. The most efficient course of action would be to have the appellate Court proceed to decide the appeal. *See Nystrom,* 339 F.3d at 1351; *see also State Contracting & Eng'g Corp. v. Florida,* 258 F.3d 1329, 1334 (Fed. Cir. 2001). Moreover, a determination of infringement by the Court of Appeals may trigger a settlement of the case without the need to reach the validity issue.

### III. CONCLUSION

For the foregoing reasons, SAB respectfully requests that this Court enter an amended final judgment dismissing Port's declaratory judgment counterclaims relating to validity as moot

and clarifying that no outstanding issues relating to infringement remain. A proposed Amended Final Judgment to that effect is attached hereto as Exhibit 4. In the alternative, SAB respectfully requests that the Court certify its judgment entering summary judgment of non-infringement pursuant to Rule 54(b). A proposed order certifying the Judgment for appeal pursuant to Rule 54(b) is attached hereto as Exhibit 5.

THE PLAINTIFF,
SAB TECHNOLOGY, LLC

By: _____
Charles S. Harris
HARRIS, HARRIS & SCHMID
Attorneys for the Plaintiff
11 Belden Avenue, Second Floor
Norwalk, Connecticut 06850
(203) 838-7111
(203 845-0772 (fax)
charris@harrisschmid.com
Fed. Bar No.: CT11608

## CERTIFICATION

I hereby certify that a true copy of the foregoing was sent by U. S. mail or facsimile transmission, this date, October 2, 2006, as follows:

William J. Speranza
Wiggin & Dana, LLP
400 Atlantic Street, 7th Fl.
Stamford, CT  06901

_____
Charles S. Harris