IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAB TECHNOLOGY, LLC,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. 3:01-CV-84-AWT |
| | ) |
| PORT, INCORPORATED,<br>      Defendant. | )    October 26, 2006<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR AN AMENDED JUDGMENT OR,
IN THE ALTERNATIVE, A RULE 54 CERTIFICATION**

Defendant Port, Incorporated ("Port") hereby opposes the motion filed by Plaintiff SAB Technology, LLC ("SAB") in which SAB requests either (1) entry of an amended judgment dismissing Port's counterclaims as "moot" or (2) Rule 54 certification of this Court's decision granting Port's summary judgment of non-infringement. Port opposes the motion because Port's pending counterclaims for a declaration of the invalidity and unenforceability of SAB's patent, and for a declaration that this is an "exceptional case" entitling Port to an award of its fees and expenses, are viable causes of action that should be addressed before any appeal can or should be taken in this matter. Any other course of action would simply result in piecemeal litigation and a waste of judicial resources.

## I.    INTRODUCTION

SAB filed a hasty and premature appeal of this Court's summary judgment ruling of non-infringement with the Court of Appeals for the Federal Circuit, notwithstanding that this Court made clear in its ruling that Port's counterclaims still remained in the case for adjudication. When faced with the reality that the appeal would be dismissed for lack of appellate jurisdiction, because the order/judgment from which SAB took its appeal was not a "final judgment" under

28 U.S.C. § 1295(a)(1), SAB has now come back to this Court and filed yet another hastily prepared and ill-conceived motion which attempts to convert the July 13 partial judgment into an appealable order. In so doing, SAB distorts the procedural record of this case, ignores or misconstrues the applicable law and simply misses the mark.

With respect to the requested dismissal of Port's pending counterclaims as "moot," it is true that there are a few cases where district courts have taken this action with regard to invalidity or unenforceability counterclaims following a finding of non-infringement (although it is not always clear that such action has been taken when, as here, the counterclaimant opposes such action). However, the significant weight of authority – including that of the United States Supreme Court – is that it is the "better practice" for district courts to adjudicate invalidity and unenforceability counterclaims whenever presented, even if non-infringement has been found. Indeed, the Supreme Court has stated that, as a matter of public policy, the question of validity has "the greater . . . importance" compared to the issue of infringement. There is no reason to depart from these principles in this action. Port is vitally interested in pressing its counterclaim that SAB's patent is invalid and unenforceable, as that is the only way by which Port can insure that this patent will not be frivolously asserted again by SAB against Port in the future with respect to some other Port products.

Further, SAB's request to moot Port's counterclaims ignores that Port has a claim in this action for its attorneys' fees and expenses under 35 U.S.C. § 285, as the prevailing party in connection with the infringement claim on which SAB was unsuccessful in this action. Factors in determining whether a patent action constitutes an "exceptional case" under § 285 include not only whether the infringement charge was frivolous, but also whether the asserted patent was known to be invalid or was unenforceable because procured from the Patent & Trademark Office

2

by inequitable conduct. Thus, no matter that the non-infringement determination is dispositive of Port's liability, the question of the validity and enforceability of the non-infringed patent will need to be resolved. It would be improper for the Court, through dismissal of Port's counterclaims as sought by SAB, to extinguish or otherwise affect Port's right to pursue its attorneys' fees claims.

SAB's assertions to the contrary notwithstanding, this Court has never considered let alone denigrated the merits of Port's counterclaims for invalidity and unenforceability. *See* SAB's Motion at 3, 4. Far from being moot, these counterclaims are alive and well and need to be addressed on the merits now, not at some indefinite point in the future. Indeed, the most efficient avenue for this case is to have the counterclaims addressed on the merits, at which time a true "final judgment" can be obtained, and then appeal the entire matter, if necessary. An incessant back-and-forth between this Court and the court of appeals unnecessarily prolongs this litigation and inures to the benefit of no one. Ignored by SAB, for example, is that it necessarily is proceeding on the basis that this Court's non-infringement determination is incorrect and will be reversed. Port, of course, thinks that most unlikely. But necessarily, then, SAB is advocating a procedure in which Port's counterclaims would be mooted for now, then this case will come back to this Court following an SAB win on appeal, at which point Port's counterclaims would then be reinstated, at which point Port finally gets to proceed on its counterclaims, but now some 7 to 8 years after commencement of the action, at which point who knows what witnesses will have died, memories lost, documents lost, etc., all to the prejudice of Port. These counterclaims are ripe to be dealt with now, and should be dealt with now.

Equally inefficient would be the alternative course proposed by SAB, whereby the non-infringement ruling is certified for appeal under Rule 54(b) while the counterclaims remain

3

pending and, therefore, proceed to trial in this Court simultaneously with the appeal. Moreover, given that SAB would likely appeal any adverse ruling on the counterclaims, the proposed course of action only serves to multiply the proceedings and not streamline them. A single, unified appeal on all issues related to the SAB '806 patent after all claims and counterclaims have been adjudicated on the merits is the only reasonable approach.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On or about January 17, 2001, SAB filed this patent infringement action against Port, alleging that Port infringed U.S. Patent No. 5,909,806 (the " '806 Patent"). [D.I. 1.] In response, Port denied SAB's claim of infringement and filed two counterclaims against SAB – one seeking a declaratory judgment of invalidity and unenforceability of the '806 Patent[1] and one seeking a declaratory judgment of "exceptional case" pursuant to 35 U.S.C. § 285. [D.I. 7, 60.]

On or about July 16, 2002, Port filed a motion for summary judgment on SAB's sole claim for infringement of the '806 Patent.[2] [D.I. 72, 73.] On July 12, 2006, this Court granted Port's motion for summary judgment, ruling that Port did not infringe the '806 Patent. [D.I. 116.] The following day, July 13, the clerk entered a "Partial Judgment" in favor of Port on SAB's infringement claim. The Partial Judgment expressly noted that Port's two counterclaims remain pending. [D.I. 117("The only remaining claims in the case are Port Incorporated's two counterclaims").]

SAB filed a notice of appeal to the Court of Appeals for the Federal Circuit on August 10, 2006, seeking to appeal the July 12 "Ruling on Motion for Summary Judgment" (and,

---

[1] The first counterclaim is not one for declaratory judgment of invalidity and non-infringement, as SAB asserts in its Motion. *See* SAB Motion at 2

[2] Port did not move for summary judgment on its invalidity counterclaim, as SAB incorrectly asserts in its Motion. *See* SAB Motion at 2.

4

presumably, the subsequent "Partial Judgment" granting summary judgment of non-infringement in favor of Port on SAB's claim of patent infringement). [D.I. 118.] That appeal was docketed with the Federal Circuit on September 12, 2006. SAB initiated and maintained the appeal over Port's objection despite the fact that no "final judgment" had been entered in this case. SAB filed the instant motion seeking to obtain a "final" or otherwise appealable judgment while the appeal remained pending. When faced with a motion to dismiss the appeal on the grounds that the Federal Circuit lacked jurisdiction to hear it because it was not the appeal of a final judgment, SAB ultimately withdrew the appeal. *See* Motion to Withdraw Notice of Appeal and Motion for Extension of Time, attached hereto as Exhibit A.

III.   **ARGUMENT AND CITATION OF AUTHORITY**

   A.   **Defendant's Counterclaims Are Far From Moot, and the Applicable Law Shows that the Dismissal Sought by SAB is the Exception Rather Than the Rule.**

SAB conveniently glosses over the significance of Port's pending counterclaims. Indeed, if the invalidity and unenforceability counterclaim were permitted to proceed to a determination on the merits, SAB's false claim of inventorship would be revealed and the patent rendered null and void. This is certainly not a determination SAB is anxious to reach, and its anxiety over that possibility shades every argument presented in this motion.

Precedent of both the U.S. Supreme Court and the Federal Circuit Court of Appeals make clear that patent infringement and patent validity are separate issues and should be treated as such. Nearly sixty (60) years ago, the Supreme Court rejected the practice of lower courts disposing of infringement suits by ruling on infringement without addressing validity, stating that it is "the better practice" for a district court to hear both infringement and validity issues where both are raised. *Sinclair & Caroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330, 65 S. Ct.

5

1143, 1145 (1945). The Court stressed the importance to the public of a full inquiry into the validity of issued patents regardless of the determination of non-infringement:

> There has been a tendency among the lower federal courts in infringement suits to dispose of them where possible on the ground of non-infringement without going into the question of validity of the patent. It has come to be recognized, however, that of the two questions, validity has the greater public importance. *Id.*

The Federal Circuit likewise has stated that a trial court should decide both validity and infringement. *See, e.g., Pandrol USA, LP v. Airboss Railway Products, Inc.*, 320 F.3d 1354, 1364 (Fed. Cir. 2003); *In re Lockwood*, 50 F.3d 966, 969 n. 2 (Fed. Cir. 1995) ("At least where an infringement suit and a declaratory judgment action coexist, our cases encourage district courts to adjudicate questions of both infringement and validity when both are raised . . . The Supreme Court has expressed the same general preference") (internal citations omitted); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1540-41 (Fed. Cir. 1983) ("When presented with patent validity and infringement issues, trial courts should . . . decide both");.

Specifically, the Supreme Court held that a finding that a patent is not infringed <u>does not render the counterclaim for patent invalidity moot</u>. *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 102-103, 113 S.Ct. 1967, 1978 (1993). The Court again emphasized the significance of addressing patent validity in infringement cases:

> Moreover, our prior cases have identified a strong public interest in the finality of judgments in patent litigation. In *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644 (1945), we approved of the District Court's decision to consider the question of validity even though it had found that a patent had not been infringed. Criticizing the contrary approach taken by other courts, we stated that "of the two questions, validity has the greater public importance, *Cover v. Schwartz,* 133 F.2d 541 [ (CA2 1943) ], and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent." *Id.,* 325 U.S. at 330, 65 S.Ct. at 1145.

*Cardinal Chemical*, 508 U.S. at 100, 113 S. Ct. at 1977.

SAB's "reliance" on *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347 (Fed. Cir. 2003), is misplaced, at best. In *Nystrom*, the issue was whether appellate jurisdiction existed in an appeal where the defendant's invalidity and unenforceability counterclaims remained unadjudicated after a ruling of non-infringement, from which the plaintiff sought to appeal. In evaluating the jurisdictional issue, the Federal Circuit presented four different options that the plaintiff could have pursued before filing the premature appeal, including (1) a trial on the merits of the invalidity and unenforceability counterclaim, and (2) a dismissal of the counterclaim without prejudice, with or without a finding that the counterclaim was moot. *Id.* at 1350-1351. Contrary to SAB's suggestion, however, the *Nystrom* court did not hold that dismissal of the counterclaim was the necessary or "appropriate" course of conduct and, in fact, offered no opinion whatsoever on the issue. Indeed, the first option offered by the *Nystrom* court was a trial on the merits of the counterclaim – the course of action advocated by Port. And, as noted above, the Federal Circuit, following Supreme Court precedent, has often indicated that invalidity counterclaims should be adjudicated by the district courts whenever presented.

Finally, contrary to SAB's assertion, there is simply no "*Nystrom* line of decisions" that provide any authority related to the circumstances under which an unadjudicated counterclaim for invalidity and unenforceability should be dismissed. The fact that the district court in *Pause Technology, LLC v. TiVo Inc.*, Civ. Action No. 01-11657-PBS (D. Mass.), after remand from the Federal Circuit, dismissed the defendant's counterclaim of invalidity as moot is of no consequence here. The "Amended Final Judgment" in that case, submitted by SAB as Exhibit 3, provides no analysis of or support for that decision, and is silent on the rather important fact of whether the defendant may have consented to such a dismissal. Indeed, as we know from the Federal Circuit opinion, *Pause Technology LLC v. TiVo Inc.*, 401 F.3d 1290, 1291-1292 (Fed.

7

Cr. 2005), the posture of the case was somewhat unique at the time the Rule 54(b) certification was sought in that the appeal had been pending for nearly a year and already had been fully briefed on the merits before the Court raised the question of jurisdiction *sua sponte*. Therefore, it is reasonable to assume that both parties had an interest in obtaining an appealable order on the infringement issue. As such, *Pause Technology* cannot be relied upon by this Court in any meaningful way, particularly in light of controlling Supreme Court authority to the contrary.

### B. Port's Counterclaim For Invalidity And Unenforceability Is Inextricably Intertwined With Its Counterclaim For Attorneys' Fees.

SAB ignores Port's counterclaim that this is an "exceptional case" under 35 U.S.C. § 285, entitling Port to recovery of its reasonable attorneys' fees and expenses as the prevailing party on the patent infringement claim, on which SAB did not succeed. It is well settled that permissible bases upon which a court may award fees to the prevailing accused infringer include not only that the infringement assertions were frivolous and/or interposed with vexatious motive, but also, *inter alia*, that the patents had been procured by practice of inequitable conduct in the withholding of material prior art or other information from the Patent & Trademark Office during the prosecution of the application for patent. *See, e.g., Cambridge Prods., Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048 (Fed. Cir. 1992) (cases awarding attorney fees to a prevailing alleged infringer are usually based on bad faith litigation or fraud or inequitable conduct in procuring the patent); *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985).

SAB's motion would have this Court dismiss Port's counterclaim for unenforceability of the '806 patent because it was found not to be infringed by Port. However, as many cases have held, it would be improper to in this way cut off the accused infringer's right to prove those inequitable conduct claims in support of its attorneys' fees demand. *See, e.g., Paragon Podietry*

*Lab, Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1188 n. 6 (Fed. Cir. 1993) (inequitable conduct issue not mooted by holding that patent is invalid in view of related motion for attorney fees); *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1466 (Fed. Cir. 1988) (although the issue of inequitable conduct may appear to be moot in light of holding that patent is invalid, the question of inequitable conduct is still relevant to claim for attorney fees); *Orthopedic Equip. Co, Inc. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 (Fed. Cir. 1983) (although holding that patent was invalid may cause claims of fraud or inequitable conduct to be moot, issues remain alive as to the claim for attorney fees). The same obviously holds true here, providing yet another reason why the dismissal of Port's counterclaims sought by SAB should not be granted.

C.   **Certification of The "Partial Judgment" Under Fed. R. Civ. P. 54(b) Is Not Appropriate.**

Federal Rule of Civil Procedure 54(b) provides in pertinent part that: "[w]hen more than one claim for relief is presented in an action, . . . the court *may* direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is *no just reason for delay* and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b) (emphasis added). Thus, for certification to be appropriate, three prerequisites must exist: "(1) multiple claims or multiple parties . . ., (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir.1992)) (emphasis removed).[3] While Port agrees that the first

---

[3] Because the application of Rule 54(b) is procedural and not related to patent law, the law of the regional circuit rather than the Federal Circuit applies. *See CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1314-1315 (Fed. Cir. 2000).

9

two prerequisites have been satisfied here, Port does not agree that there exists "no just reason for delay."

The Second Circuit has made clear that the question "whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 40-41 (2d Cir. 2003) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460 (1980)). Moreover, the Supreme Court has stated that whether there is no just reason for delay should be decided on the specific facts and circumstances of each case, particularly in light of the discretionary nature of the decision. *Curtiss-Wright*, 446 U.S. at 10-11, 100 S.Ct. at 1466-67.

The facts and circumstances of this case do not warrant any expedited handling of the appeal of the non-infringement decision. The case involves one patent and one alleged infringer. This is not a multi-defendant case where an expedited appeal is justified in order to obtain an appellate ruling on the district court's claim construction before it is applied to other defendants/products. *See, e.g., Loral Fairchild Corp. v. Victor Comp. of Japan, Ltd.*, 931 F. Supp. 1044,1047 (E.D.N.Y. 1996). Indeed, in this action, the infringement, invalidity, unenforceability and attorneys' fees claims are all stem from the same patent and all require discussion and interpretation of its claims. As discussed above, the attorneys' fee claim and the invalidity/unenforceability claims will require an analysis of the same underlying conduct of SAB. Moreover, the partial judgment is certified for appeal under Rule 54(b), the remaining counterclaims will not be stayed, and the case will proceed on the merits of the pending counterclaims – which could ultimately result in a second appeal to the Federal Circuit on some or all of those issues. The interests of judicial economy weigh heavily in favor of keeping

together the intertwined claims in this case. Accordingly, the Court should deny the request for Rule 54(b) certification.

## IV. CONCLUSION

Port respectfully submits that this Court deny SAB's motion in its entirety. The pending counterclaims of Port are not moot and should not be dismissed, with or without prejudice, at this stage of the proceedings. Additionally, there is nothing unique about this patent infringement action that counsels in favor of an immediate appeal of the non-infringement decision.

Respectfully submitted, this 26th day of October, 2006.

_____
William J. Speranza
Carrie A. Hanlon
WIGGIN & DANA LLP
400 Atlantic Street
Stamford, Connecticut 06901
Phone: (203) 363-7600
Fax: (203) 363-7676
Email: wsperanza@wiggin.com
        chanlon@wiggin.com

Attorneys for Defendant
Port, Incorporated

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AMENDED JUDGMENT OR, IN THE ALTERNATIVE, A RULE 54 CERTIFICATION** was this day served on counsel of record for Plaintiff SAB Technology, LLC via first-class mail, postage prepaid, as follows:

> Charles S. Harris
> Harris, Harris & Schmid
> 11 Belden Avenue, Second Floor
> Norwalk, Connecticut 06850

Dated: October 24, 2006

_____
Carrie A. Hanlon

\14895\1\122002.1

<u>EXHIBIT A</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

SAB TECHNOLOGY, LLC, )
    *Plaintiff-Appellant,* )
)
v. ) Appeal No. 2006-1617
)
PORT, INCORPORATED, )
    *Defendant-Appellee.* )
)

**Motion to Withdraw Notice of Appeal And**
<u>**Motion for Extension of Time**</u>

Appellant respectfully moves to withdraw the Notice of Appeal filed with the United States Court of Appeals for the Federal Circuit on August 8, 2006. Appellant also respectfully moves to withdraw Appellant's Motion for Extension of Time filed with the United States Court of Appeals for the Federal Circuit on October 2, 2006.

                              Respectfully submitted

                              Scott H. Kaliko
                              Kaliko & Yeager
                              500 North Franklin Turnpike
                              Ramsey, NJ 07446
                              (201) 831-0575

                              Attorney for Appellant
                              SAB Technology, LLC