**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
-------------------------------x
                                :
SAB TECHNOLOGY, LLC,            :
                                :
          Plaintiff,            :
                                :
v.                              :    Civ No. 3:01CV00084(AWT)
                                :
PORT INCORPORATED,              :
                                :
          Defendant.            :
                                :
-------------------------------x
                                :
PORT INCORPORATED,              :
                                :
          Counterclaim          :
          Plaintiff,            :
                                :
v.                              :
                                :
SAB TECHNOLOGY, LLC and         :
HAROLD FISCHEL,                 :
                                :
          Counterclaim          :
          Defendants.           :
                                :
-------------------------------x
```

**ORDER RE MOTION FOR AMENDED JUDGMENT,
<u>OR IN THE ALTERNATIVE, A RULE 54 CERTIFICATION</u>**

For the reasons set forth below, SAB Technology, LLC's Motion for Amended Judgment or, in the Alternative, a Rule 54 Certification (Doc. No. 119) is hereby DENIED.

SAB Technology, LLC ("SAB") requests that the court exercise its discretion and enter an amended final judgment dismissing as moot the invalidity counterclaim by Port Incorporated ("Port"). However, as Port argues in its opposition, a finding that a patent is not infringed does not

render the related counterclaim for patent invalidity moot.

> [O]ur prior cases have identified a strong public interest in the finality of judgments in patent litigation. In Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644 (1945), we approved of the District Court's decision to consider the question of validity even though it had found that a patent had not been infringed. Criticizing the contrary approach taken by other courts, we stated that "of the two questions, validity has the greater public importance . . . and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent." Id., 325 U.S. at 330, 65 S.Ct. at 1145.

Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 100 (1993) (internal citation omitted). See also Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540 (Fed. Cir. 1983) ("When presented with patent validity and infringement issues, trial courts should . . . decide both."). Therefore, the court declines to exercise its discretion to dismiss Port's invalidity counterclaim as moot.

SAB also argues that conservation of judicial resources favors granting the relief it seeks. The court concludes that conservation of judicial resources actually favors denying the relief SAB seeks. All the claims in this case are intertwined and if Port's counterclaims are dealt with now, judicial economy will be served by adhering to the "'historic federal policy against piecemeal appeals.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (citation omitted).

SAB requests in the alternative issuance of a certification

2

pursuant to Rule 54(b). There are three prerequisites to issuance of a certification pursuant to Fed. R. Civ. P. 54(b): "(1) multiple claims or multiple parties . . ., (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." <u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 16 (2d Cir. 1997) (citation omitted) (emphasis omitted). Here, the court cannot conclude that there is no just reason for delay. To the contrary, the court has concluded, as discussed above, that the motion appropriate way of proceeding in this case is resolving all the intertwined claims in this case and then allowing the parties to proceed to appeal.

It is so ordered.

Dated this 21st day of April 2007 at Hartford, Connecticut.

                                                                                        /s/AWT
                                            Alvin W. Thompson
                                    United States District Judge